UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZOUHAIR CHOUCEIR | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2228 |
| HARTFORD FIRE INSURANCE COMPANY, ET AL. | * | SECTION "R" (2) |

**ORDER AND REASONS**

Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 14) is pending before me in this matter. ECF No. 14. Defendants Hartford Fire Insurance Company ("Hartford"), Americanstar Transport, LLC ("Americanstar"), Silchuk Transport, LLC ("Silchuk"), Elemental Leasing, LLC ("Elemental"), and Tong Jayden Her ("Tong") filed an Opposition Memorandum. ECF Nos. 17. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff filed suit in August 2024 to recover for injuries sustained in a motor vehicle accident. ECF No. 1-1 at 13-18. Plaintiff contends he had backed his tractor trailer near a loading dock and was standing in its rear when Defendant Tong drove into Plaintiff's trailer when attempting to maneuver around it. *Id.* at 14 (¶¶ 3-5). Plaintiff asserted claims against Tong for negligence, and against Tong's employers on the basis of vicarious liability. *Id.* at 14-15 (¶¶6-9).

Defendants removed the case to this Court. ECF No. 1. The February 20, 2025, Scheduling Order established a January 26, 2026, trial date and a discovery deadline of November 12, 2025.

1

ECF No. 12 at 2, 4. That Order also established March 14, 2025, as the deadline for amending pleadings. *Id.* at 1.

Plaintiff now seeks leave to amend to add independent claims against Silchuck for negligent hiring, training, supervision and retention of Tong. ECF No. 14 at 1. Plaintiff contends that Silchuck's discovery responses, delivered after the amendment deadline, first disclosed that its driver had been terminated and was not eligible for rehire by prior employers. ECF No. 14-2 at 1-2. Plaintiff argues this discovery establishes good cause for amendment under Rule 16 and amendment is proper under Rule 15. *Id.* at 2-3. Citing the Louisiana Supreme Court's decision in *Martin v. Thomas*, 346 So. 3d 238, 242 (La. 6/29/22), Plaintiff argues that the employer's independent fault must be assessed. *Id.* at 3-5.

In Opposition, Defendants argue that the motion should be denied because Plaintiff has not established good cause for an untimely amendment and the amendment would result in substantial, undue prejudice in light of the November 12, 2025 discovery cutoff. ECF No. 17 at 2. As to good cause, Defendants argue that Plaintiff's delay in adding the claims of independent negligence resulted from counsel's mistaken belief that he had asserted those claims, not the discovery of new information. *Id.* at 4-5. Defendants argue prejudice based on the substantial discovery that must be done in light of Plaintiff's medical treatment, and the case will be fundamentally altered and the issue of liability will become more complicated if amendment is allowed because additional Rule 30(b)(6) depositions and expert discovery would be required. *Id.* at 5-7. Thus, Defendants assert, amendment will require an extension of the discovery deadline and continuance of trial. *Id.* at 8.

## II.   APPLICABLE LAW AND ANALYSIS

While Rule 15(a) applies when a party seeks leave to amend before expiration of the deadline for amendments, when leave is sought *after* the scheduling order deadline for amendments has expired, the analysis is governed by Rule 16.[1]  The trial court has "broad discretion to preserve the integrity and purpose of the pretrial order," and "[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[2]

In this case, the original Scheduling Order established a deadline of March 14, 2025, within which to amend pleadings.  ECF No. 12 at 1.  Plaintiff's motion for leave to amend was not filed until May 8, 2025, eight weeks after the amendment deadline.  ECF No. 14.  Thus, Plaintiffs must establish good cause under Rule 16 before the Court may address the request under Rule 15.

### A. Rule 16's Good Cause Standard

To establish good cause to modify a scheduling order under Rule 16(b)(4), the movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[3]  The four factors relevant to determining the existence of good cause in the context of a post-deadline amendment are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[4]

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, *NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause and with the judge's consent will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).
[2] *Id.* (citation omitted); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).
[3] *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citation omitted).
[4] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enters.*, 315 F.3d at 536).

1. **Explanation for Failure to Timely Amend**

Courts have held newly discovered information acquired through discovery constitutes good cause for an untimely leave to amend.[5] However, because the good cause standard requires the movant to have acted diligently,[6] leave to amend should not be granted "if the information was known or should have been known" to the movant before the discovery,[7] i.e., before the deadline for amendments.[8]

Defendants argue that Plaintiff knew about, and mistakenly believed that he had asserted, independent claims of employer negligence. ECF Nos. 17-1 at 1 (April 23, 2025, email noting Plaintiff has made claims of independent negligence against Silchuck); 17-4 at 2 (Plaintiff's initial disclosures dated January 28, 2025, indicating an intent to call "[c]orporate representative of defendant re hiring, training, supervision and retention" of Tong). Plaintiff, however, asserts that he failed to raise this claim earlier because he did not learn that Defendants' driver had been terminated from prior employers and was not eligible for rehire until receipt of Defendants' April

---

[5] *Rivera v. Robinson*, No. 18-14005, 2019 WL 4024939, at *2 (E.D. La. Aug. 27, 2019) (Lemmon, J.) (citing *Bayou Liberty Prop., LLC v. Best Buy Stores, LP*, No. 14-1112, 2015 WL 1415704, at *2 (E.D. La. Mar. 27, 2015) (citing cases)); *see also EPL Oil & Gas, Inc. v. Tana Expl. Co., LLC*, No. 18-00757, 2018 WL 4489287, at *3 (E.D. La. Sept. 17, 2018) (finding good cause and valid explanation existed where party only learned of facts supporting the claim after the amendment deadline).
[6] *Mobius Risk Grp., LLC v. Glob. Clean Energy Holdings, Inc.*, No. 10-1708, 2011 WL 2193294, at *3 (S.D. Tex. June 6, 2011) (quoting *S&W Enters.*, 315 F.3d at 535); *see also Bayou Liberty Prop.*, 2015 WL 1415704, at *3 (citing *Mobius Risk Grp.*, 2011 WL 2193294, at *3) ("[D]iligence is at the crux of the good cause standard under Rule 16.").
[7] *Bayou Liberty Prop.*, 2015 WL 1415704, at *3 (citing *Mobius Risk Grp.*, 2011 WL 2193294, at *3; *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. 10-3828, 2012 WL 2122198 (S.D. Tex. June 11, 2012), *appeal dismissed*, No. 12-20464 (5th Cir. Sept. 12, 2012)); *accord. Mobius Risk Grp.*, 2011 WL 2193294, at *3 (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994); and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motions to amend a complaint to include claims based on same facts); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (same)).
[8] *Rivera*, 2019 WL 4024939, at *2 ("Because, through no fault of their own, the details concerning defendant's prescription drug use was only learned by plaintiffs after the deadline for amendments, this factor weighs in favor of a finding of good cause."); *EPL Oil & Gas*, 2018 WL 4489287, at *3 (finding good cause and valid explanation existed where party only learned of facts supporting the claim after the amendment deadline and citing cases where good cause was found under similar circumstances).

16, 2025, discovery responses. ECF Nos. 14 at 1; 14-2 at 2-3. Although Plaintiff's counsel may have thought that he asserted a claim for independent negligence, there is no dispute that the facts to support that claim were within Defendants' control, not Plaintiff's. Thus, the failure to assert that claim until receipt of that evidence during discovery is not unreasonable.

### 2. Importance of Amendment

The proposed amendments satisfies the importance prong.[9] As the Louisiana Supreme Court explained in *Martin*, although an employer may be vicariously liable for an employee's fault, under Louisiana's pure comparative fault regime, the negligence of all persons must be assigned a percentage of fault, and the required initial assessment of fault is not bypassed due to the employer-employee relationship.[10] And as another court explained, "Where an employer's potential fault is merged with that of the employee, the jury might not have a true picture of either party's wrongful acts — which may, in turn, magnify the comparative fault of the plaintiff or other individuals."[11]

### 3. Prejudice

The parties disagree as to prejudice. Plaintiff argues that there is no prejudice nor will the amendment necessitate a continuance of the November 12, 2025, discovery deadline or January 26, 2026, trial date. ECF No. 14-2 at 3. Defendants, however, argue prejudice based on the amount of discovery that must be completed before the November 12, 2025 deadline and that the amendment would fundamentally alter the nature of the case. ECF No. 17 at 6-7.

---

[9] *See E.E.O.C. v. Serv. Temps, Inc.*, No. 08-1552, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (citations omitted) (finding the importance factor met when party sought to add new affirmative defenses and a counterclaim because they would protect the party from damages and entitle it to additional recovery if successful), *aff'd*, 679 F.3d 323 (5th Cir. 2012).
[10] 346 So. 3d at 245.
[11] *Gordon v. Great W. Cas. Co.*, No. 18-967, 2020 WL 3472634, at *4 (W.D. La. June 25, 2020).

Late stage amendments that plead a fundamentally different case with new causes of action and different parties, effectively reconstructing the case anew, are unduly prejudicial and should not be permitted.[12] In contrast, "amendments that merely propose alternative legal theories for recovery on the same underlying facts should be permitted 'as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.'"[13]

The proposed amendment appears to assert an alternative legal theory for Silchuk's liability (i.e., independent fault rather than merely vicarious liability), but it does not fundamentally alter the nature of the case.[14] Nor does it require extensive new discovery as discovery regarding Tong's prior employment and experience would already be captured during discovery on Plaintiff's tort claim against Tong. Accordingly, the amendment is not prejudicial within the meaning of Rule 16 as it merely proposes an alternative legal theory of liability for Silchuck.

B. **Rule 15 Standard**

Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires."[15] Although leave to amend is not automatic,[16] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[17] The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive,

---

[12] *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (finding proposed amendment destroying the court's jurisdiction years into the litigation fundamentally altered the case).
[13] *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Servs., LLC*, No. 12-1979, 2015 WL 4254130, at *5 (E.D. La. July 13, 2015) (Roby, M.J.) (quoting *Mayeaux*, 376 F.3d at 427).
[14] *See Mayeaux*, 376 F.3d at 427 (citation omitted).
[15] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux*, 376 F.3d at 425 (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility. *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[16] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).
[17] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux*, 376 F.3d at 425 (quoting *Stripling*, 234 F.3d at 872; *Foman v. Davis*, 371, 178, 182 (1962)).

(3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[18]  Denial of leave to amend is reviewed for abuse of discretion,[19] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[20]

Defendants do not argue bad faith, repeated failures to cure deficiencies or futility.  Rather, they asserts undue delay and prejudice.  ECF No. 17 at 4-7.

### 1. Undue Delay

Although Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend,[21] a litigant's failure to assert a claim as soon as he could have done so factors against the request.[22]  At some point, plaintiff's delay can be procedurally fatal,[23] in which case plaintiff must establish that the delay "was due to oversight, inadvertence, or excusable neglect."[24]  For instance, the Fifth Circuit has affirmed a court's denial of leave to amend to add a new party when leave was not sought until thirteen months after filing suit and eight months after becoming aware of the new entity's existence.[25]  Likewise, courts have found "undue delay" when a plaintiff knew the facts "all along" but waited over a year after the first amended complaint to seek leave to amend raising those facts.[26]  "Merely because a claim was not presented as promptly as possible, however, does

---

[18] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (quoting *Foman*, 371 U.S. at 182); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").
[19] *Carroll*, 470 F.3d at 1174 (citation omitted).
[20] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).
[21] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment").
[22] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[23] *Smith*, 393 F.3d at 595 (quoting *Whitaker v. City of Hous.*, 963 F.2d 831, 836 (5th Cir. 1992)).
[24] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).
[25] *B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022).
[26] *See, e.g., C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314-15 (5th Cir. 2016) (affirming district court's decision); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864–65 (5th Cir. 2003) (concluding the district

not vest the district court with authority to punish the litigant."[27]

Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[28] Courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[29] A defendant is prejudiced if an amendment would require a party to "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[30] Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[31] are considered prejudicial.[32] Merely being forced to incur additional fees and costs to respond, which may cause some prejudice, however, does not constitute "undue prejudice" necessary to justify denial of a motion to amend.[33]

---

court did not abuse its discretion in denying leave to amend because plaintiffs had not raised any facts that were not previously available and made a "strategic" decision to delay amending the complaint).
[27] *Carson*, 689 F.2d at 584.
[28] *Mayeaux*, 376 F.3d at 427 (citations omitted).
[29] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).
[30] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery);
[31] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).
[32] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew").
[33] *See, e.g.*, *Babin v. Caddo E. Ests. I, Ltd*., No. 10-896, 2012 WL 3310017, at *1 (E.D. La. Aug. 13, 2012) (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue

## 2. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[34] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[35] Likewise, amendments that fundamentally alter the nature of the case or would force a party to re-urge the same arguments presented in previous dispositive motions[36] are considered prejudicial.[37] Although additional fees and costs incurred to respond may cause some prejudice, it does not constitute "undue prejudice" necessary to justify denial of

---

prejudice); *Richards' Realty Co., L.L.C. v. Paramount Disaster Recovery, Inc.,* No. 06-2396, 2008 WL 440325, at *3 (E.D. La. Feb. 8, 2008) (Vance, J.) (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams v. Medtronic, Inc.*, No. 19-870, 2022 WL 3268506, at *3 (E.D. Tex. Aug. 10, 2022) (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com, L.L.C. v. Arcadis U.S., Inc.,* No. 21-00426, 2021 WL 9352581, at *3 (W.D. Tex. Dec. 9, 2021) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981)) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).

[34] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell*, 166 F.3d at 1162 ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon*, 151 F.3d at 1139 (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe*, 2018 WL 11179117, at *2 (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[35] *Smith*, 393 F.3d at 596 (quoting *Duggins*, 195 F.3d at 834); *cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l*, 663 F. App'x at 314 (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[36] *Bias*, 816 F.3d at 328.

[37] *In re Am. Int'l Refinery*, 676 F.3d at 467 & n.12 (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding the complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew.").

a motion to amend.[38]

In this case, no substantive motions have been decided (or even filed). Likewise, the discovery deadline has not expired. The parties have almost six months within which to complete discovery under the existing deadline. While adding a claim based on Silchuck's independent negligence may necessitate some minor additional discovery, that discovery will not require more than six months and thus would not jeopardize the discovery deadline nor will same disrupt the scheduled January 2026 trial date. Therefore, the proposed amendment does not cause "undue prejudice" necessary to justify denial of a motion to amend.

### III.  CONCLUSION

Accordingly, having considered the record, the written submissions of counsel, the applicable law, and finding that the motion has merit,

IT IS ORDERED that the Motion for Leave to File First Amended Complaint (ECF No. 14) is GRANTED.

New Orleans, Louisiana, this __28th__ day of May, 2025.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[38] *See, e.g.*, *Babin*, 2012 WL 3310017, at *1 (granting motion to amend despite argued prejudice of additional costs because that is not sufficient to establish undue prejudice); *Richards' Realty Co.*, 2008 WL 440325, at *3 (stating that continued expenditure of substantial litigation resources does not establish undue prejudice); *see also Adams*, 2022 WL 3268506, at *3 (preparing additional discovery and re-deposing an unidentified number of witnesses is not "considerable delay and expense" as necessary to establish undue prejudice); *EnergyBill.com*, 2021 WL 9352581, at *3 (citing *Dussouy*, 660 F.2d at 599) (stating that cursory references to the increase in cost, complication and potential juror confusion are insufficient to demonstrate the kind of undue prejudice warranting denial of leave to amend at the early stage in proceedings).