UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZOUHAIR CHOUCEIR | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2228 |
| HARTFORD FIRE INSURANCE COMPANY, ET AL. | * | SECTION "R" (2) |

**ORDER AND REASONS**

Defendants' Motion to Quash and for Protective Order (ECF No. 13) is pending before me in this matter. The motion was scheduled for submission on Wednesday, May 14, 2025. After expiration of the response deadline, the parties filed a motion to continue the submission date to allow time for the parties to resolve the issues, and the Court continued the submission date to June 18, 2025. ECF Nos. 15, 16. Plaintiff later filed an Opposition Memorandum. ECF No. 20.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' motion is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.  BACKGROUND**

Plaintiff filed this suit to recover for injuries sustained in a motor vehicle accident. ECF No. 1-1. Plaintiff contends he had backed his tractor trailer near a loading dock and was standing in its rear when Defendant Tong Jayden Her drove into Plaintiff's trailer when attempting to maneuver around it. *Id.* at 14 (¶¶ 3-5). Defendants removed same to this Court. ECF No. 1. Plaintiff issued separate Interrogatories and Requests for Production of Documents to the five Defendants. ECF No. 13 at 2. Defendants seek a protective order on the bases that the discovery requests are excessively voluminous, overly broad, not tailored to the facts of the case and appear to be cut and pasted from other cases. *Id.* at 2-3; *see also* ECF No. 13-1 at 2-7. Defendants do not

1

object to responding to relevant discovery, but object to the inapplicable discovery requests. ECF No. 13-1 at 7-8, 11-15.

In Opposition, Plaintiff broadly asserts that he is entitled to discover basic safety and employment records required by the Federal Motor Carrier Safety Act, making his requests for fatigue driving records, drug use, and other topics relevant and discoverable. ECF No. 20 at 1-4.

## II. APPLICABLE LAW

District courts have broad discretion in discovery matters.[1] Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[2] In assessing proportionality, the court should consider the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). In addition, Rule 26(b)(2)(C) directs the court to limit the frequency or extent of discovery if (1) the proposed discovery is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). *Id.* at 26(b)(2)(C)(i) – (iii).

Under Rule 33(a), a party may not serve more than 25 interrogatories, including discrete subparts, upon another party unless stipulated or ordered by the court. FED. R. CIV. P. 33(a)(1).

---

[1] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009) (citing *Scott v. Monsanto, Co.*, 868 F.2d 786, 793 (5th Cir. 1989)).
[2] *See also Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) ("Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'") (quoting FED. R. CIV. P. 26(b)(1); and citing *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982))).

As the comments to Rule 33(a)(1) make clear, a party cannot evade the 25-interrogatory limit through the use of "subparts" that seek information about discrete separate subjects.[3] This numerical limitation on the number of interrogatories is intended to protect against potentially excessive use of interrogatories, not to prevent necessary discovery.[4] It forces a party to narrow their requests to the important issues in the case, to avoid cumulative or duplicative requests, and to seek relevant information from more convenient, less burdensome sources, including depositions.[5]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[6] discovery does have "ultimate and necessary boundaries."[7] Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[8] While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[9]

Under Rule 26(c)(1), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). A protective order may forbid discovery or specify terms for discovery. *Id.* at 26(c)(1)(A)-(B). Indeed, Rule 26 offers a variety of potential options that the court may use to

---

[3] FED. R. CIV. P. 33(a) advisory committee's note to 1993 amendment.
[4] *Est. of Manship v. United States*, 232 F.R.D. 552, 554 n.1 (M.D. La. 2005)*, aff'd*, No. 04-91, 2006 WL 594521 (M.D. La. Jan. 13, 2006); *Lower River Marine, Inc. v. USL-497 Barge*, No. 06-04083, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007); *see also* FED. R. CIV. P. 33(a) advisory committee's note to 1993 amendment ("The aim is not to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device.").
[5] *King v. Univ. Healthcare Sys., L.C.*, No. 08-1060, 2008 WL 11353694, at *2 (E.D. La. Oct. 31, 2008) (Wilkinson, M.J.).
[6] *Herbert v. Land*o, 441 U.S. 153, 177 (1979) (citations omitted).
[7] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[8] *Crosby*, 647 F.3d at 264.
[9] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citation omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, 611 F. Supp. 3d 305, 311 (E.D. La. 2020) (Morgan, J.).

protect the moving party, including forbidding or limiting the scope of discovery into certain matters. *Id.* at 26(c)(1)(D). A district court may exercise its sound discretion in determining how far to restrict discovery, and in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[10] The trial court enjoys wide discretion in setting the parameters of a protective order.[11]

### III.  ANALYSIS

This case involves an alleged accident whereby the driver of a tractor-trailer allided with Plaintiff's parked tractor-trailer in a loading dock/parking lot. ECF No. 19 ¶¶ 11-12. Plaintiff alleges not only that the driver was negligent but also that his employers negligently hired him. *Id.* ¶¶ 14-15, 18.

Plaintiff has issued discovery in excess of the 25-interrogatory limit. Specifically, Plaintiff sent 34 interrogatories to Elemental Leasing, LLC (ECF No. 13-5 at 4-14), 36 to AmericanStar Transport, LLC (ECF No. 13-4 at 4-15) and 34 to Shilchuck Transport, LLC (ECF No. 13-3 at 4-14). Plaintiff's Opposition does not suggest that Plaintiff obtained Defendants' consent or a court order authorizing interrogatories in excess of Rule 33(a)(1)'s 25-interrogatory limitation. In addition, many of the requests for production appear to violate Rule 26's relevance parameters. Accordingly, Plaintiff's discovery to these parties fails to comply with the Federal Rules of Civil Procedure and is hereby stricken. Plaintiff may re-issue properly drafted discovery requests that are tailored to the facts of this case (i.e., that seeks information relevant to any claim or defense in this case), as required by Rule 26, and compliant with the 25-interrogatory limitation.

---

[10] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[11] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

Plaintiff issued 23 interrogatories to Defendant Her. ECF No. 13-2 at 4-9. Many of the requests are entirely proper. Interrogatory No. 19, however, is compound and properly considered two separate interrogatories. *See id.* at 8. Even counting subparts, Plaintiff's interrogatories do not exceed Rule 33(a)(1)'s 25-interrogatory limitation. Interrogatory No. 5 seeking prescription medication information for the year prior to the incident, however, seeks information that would not be relevant. *See id.* at 4-5. Defendant Her must provide information as to only prescribed medication applicable on the date of the accident. Likewise, Plaintiff's discovery range seeking 15 years' worth of information in Interrogatory Nos. 3 and 6 is excessive and will be limited to the last 10 years. *Id.* Plaintiff's requests to Defendant Her are hereby modified as stated herein.

Likewise, many of Plaintiff's Requests for Production are proper, but the time periods sought are excessive. For instance, certain requests seek 7 years' worth of trucking-related employment records, medical certificates, and blood/urine test results, as well as requests with no time limitation whatsoever, which are improper and/or excessive. *Id.* at 15. Plaintiff must modify the requests for production to limit the time periods at issue to information relevant on the day of the incident for requests addressing Plaintiff's condition on the date of the incident and to the prior 5 years for training and qualification information.

IV. **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Quash and for Protective Order (ECF No. 13) is GRANTED IN PART AND DENIED IN PART as stated herein.

New Orleans, Louisiana, this 23rd day of June, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

5