UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZOUHAIR CHOUCEIR | CIVIL ACTION |
| VERSUS | NO. 24-2228 |
| HARTFORD FIRE INSURANCE COMPANY, ET AL. | SECTION R (2) |

## ORDER AND REASONS

Before the Court is a joint motion from plaintiff Zouhair Chouceir and defendants Hartford Fire Insurance Company; Americanstar Transport, LLC; Silchuk Transport, LLC; and Elemental Leasing, LLC to continue the proceedings under Fed. R. Civ. P. 16(b)(4).[1] For the following reasons, the Court grants the motion to continue.

## I. BACKGROUND

Plaintiff alleges that on August 31, 2023, he was operating a tractor-trailer in Lafourche Parish.[2] Plaintiff alleges that defendant Tong Jayden Her drove into his vehicle.[3] Plaintiff alleges that he suffered injuries to his back, neck, right side, shoulders, head, body, and mind.[4] Defendants

---

[1]   R. Doc. 36.
[2]   R. Doc. 1, at 2.
[3]   *Id.*
[4]   *Id.*

1

removed to this Court, asserting diversity jurisdiction.[5] This Court issued a scheduling order on February 20, 2025.[6]

The parties jointly moved to continue trial and associated deadlines on June 19, 2025. This Court denied the joint motion to continue on June 20, 2025.[7] The parties now jointly move to continue trial and associated deadlines.[8] The Court considers the motion below.

## II.   LEGAL STANDARD

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (cleaned up). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In decided whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the

---

5   *Id.* at 4-5.
6   R. Doc. 12.
7   R. Doc. 26.
8   R. Doc. 36.

2

particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (cleaned up)).

## III. DISCUSSION

The Court grants the joint motion to continue trial and all associated deadlines. The Court finds that the parties have good cause for the continuance and cannot reasonably meet the current deadlines despite their diligence. *See S&W Enters., L.L.C.*, 315 F.3d at 535. The Court finds that the need to address the conflict of interest that prevents defense counsel from continuing to represent Her and the defendant companies, as well as Chouceir's upcoming surgery, constitute good cause to continue the trial and remaining pre-trial deadlines.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the joint motion to continue proceedings. The new scheduling conference will be held **BY TELEPHONE** on **October 2, 2025, at 10:30am** for the purpose of re-scheduling the pre-trial conference and trial on the merits, and for a discussion of the status of the case and discovery deadlines. All deadlines

3

established in the scheduling order on February 20, 2025[9] which have not expired are reset. The parties shall call in for the teleconference using phone number (833) 990-9400 and access code 124518418. The Court will be represented by its Case Manager.

      New Orleans, Louisiana, this 17th day of September, 2025.

          _____
             SARAH S. VANCE
       UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 12.